UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TYRONE SANDERS                                                                                          PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:23-CV-3117-DPJ-ASH

NICOLE BURGE, ET AL.                                                                             DEFENDANTS

ORDER

Pro se Plaintiff Tyrone Sanders filed this lawsuit against several defendants on December 1, 2023. Under Federal Rule of Civil Procedure 4(m), the time for service of process on Defendants expired on February 29, 2024. *See* Fed. R. Civ. P. 4(m) (providing "90 days after the complaint is filed" for service of process). Though Sanders had summonses issued by the Clerk on January 29, 2024, no summonses have been returned. *See id.* R. 4(l)(1) ("*Affidavit Required.* Unless service is waived, proof of service must be made to the court."). So on March 12, 2024, the Court entered an Order to Show Cause, "direct[ing] Sanders to show cause, on or before April 1, 2024, why this case should not be dismissed under Rule 4(m)." Order [5].

Sanders responded with a Motion to Continue [6] in which he indicates he "Has faced complication in delivery of service." Mot. [6] at 1. Beyond that, he does not explain his failure to have effected service by now or ask for any particular extension of the now-expired deadline for service.

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Having failed to justify his failure to timely serve Defendants, Sanders has not shown good cause under Rule 4(m). And "a pro se litigant's ignorance of Rule 4[(m) does not] excuse[] h[er] compliance with the rule." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

But the Fifth Circuit has explained that "[e]ven if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). And Rule 4(m) contemplates that, when a plaintiff fails to timely perfect service, the Court may either dismiss the case or order that service be made within a specified time. *See Battle v. District of Columbia*, 21 F. Supp. 3d 42, 44–45 (D.D.C. 2014) ("[I]f good cause for the delay is shown, the court *must* extend the time for service, while if good cause is not shown, the court has a choice between dismissing the suit and giving the plaintiff more time." (quoting *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006))) (collecting cases).[1] Because Sanders filed a motion to continue, the Court will choose the latter option under Rule 4(m). Sanders shall have an additional 60 days from the date of his motion—or until May 28, 2024—to serve Defendants. The Court warns Sanders that if he fails to meet this deadline, he will need to demonstrate good cause to obtain a further extension or risk dismissal without prejudice. Sanders's pro se status itself will not establish good cause for failure to meet the new deadline. *See Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Sanders's motion [6] is granted. He will have until May 28, 2024, to effect service of process.

---

[1] Ordinarily, a party seeking an extension of a deadline that has already expired must show that she "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Other courts to consider the interplay of Rules 4(m) and 6(b)(1)(B) have concluded "that Rule 6(b)(1)(B) comes into play 'only if the plaintiff failed to meet the new deadline [under Rule 4(m)] and filed a motion for an extension of time.'" *Battle*, 21 F. Supp. 3d at 46 n.5 (quoting *McLaughlin*, 470 F.3d at 700).

**SO ORDERED AND ADJUDGED** this the 5th day of April, 2024.

>s/ *Andrew S. Harris*
>UNITED STATES MAGISTRATE JUDGE