UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TYRONE SANDERS                                                     PLAINTIFF

V.                                                     CIVIL ACTION NO. 3:23-CV-3117-DPJ-ASH

NICOLE BURGE et al.                                          DEFENDANTS

ORDER

On December 1, 2023, Tyrone Sanders sued various Neshoba County officials and a restaurant employee on ill-defined grounds involving "assault in cuffs, false imprisonment, deformation [*sic*] of character," and so on. Compl. [1] at 3. He added more officials and a local newspaper in an amended complaint [2]. Neither pleading mentions when any of this occurred.

The Court set a telephonic case-management conference for July 30, 2024, and a copy of the order was mailed to Sanders, who represents himself in this action. Docket entry June 24, 2024 (resetting conference). At the designated time, counsel for the only Defendant to appear informed the Court that Sanders had told him several hours before the conference that Sanders was not going to participate. Order [11] at 1. Counsel still tried to call Sanders when the conference began but got no answer. *Id*.

The Court entered a show-cause Order [11] that gave Sanders until August 13, 2024, to explain in writing why he did not attend the conference and warned him that failure to comply could result in dismissal of his action. *Id*. at 1–2. The deadline passed without Sanders's having filed any response, and, as of this date, he still has not done so.

> Under [Federal Rule of Civil Procedure] 41(b), "a defendant may move to dismiss the action or any claim against it" "if the plaintiff fails to prosecute or to comply with these rules or a court order. It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion.

*Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (quoting rule).  "[A] district court may dismiss a claim on its own motion as long as the procedure employed is fair," which "requires both notice of the court's intention and an opportunity to respond."  *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).  Sanders had both.

Moreover, this was not Sanders's first time not following the rules.  His failure to serve timely process led to an earlier show-cause Order [5], which he did respond to, and the Court granted him [7] additional time.  Sanders is pro se, but "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

For these reasons, the Court dismisses Sanders's case for failure to prosecute, without prejudice to his refiling a new suit if he chooses to do so.  A separate final judgment will issue per Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 21st day of August, 2024.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE